CLERK'S OFFICE U.S. DISTRICT COURT AT
ROANOKE, VA
FILED

7/10/2026

LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

LARRY GENE HARLESS, JR.,              )
                                      )
        Plaintiff,                    )        Case No. 7:25-cv-00889
                                      )
v.                                    )        **MEMORANDUM OPINION**
                                      )
BLAKE ANDIS,                          )        By:    Hon. Thomas T. Cullen
                                      )               United States District Judge
        Defendant.                    )

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendant Blake Andis. (*See* Compl. [ECF No. 1].) This matter is before the court on Andis's motion to dismiss (ECF No. 16), Harless's two motions for leave to file amended complaints (ECF Nos. 20, 27),[1] and several ancillary motions by the parties.[2] For the following reasons, the court will deny as moot the second motion to amend, deny the third motion to amend, grant the motion to dismiss, and deny as moot the ancillary motions.

## I.    BACKGROUND

This matter stems from Harless's May 2023 arrest in Washington County, Virginia. (*See* ECF No. 27-1 at 4–6.)[3] Andis is the Sheriff for Washington County. (*Id.* at 3.) Harless makes

---

[1] Harless previously filed a motion for leave to file an amended complaint (ECF No. 11) which the court granted. (ECF No. 13). To avoid confusion, the court will refer to the pending motions for leave as the "second" and "third" motions, respectively.

[2] These motions include Defendant's motion to stay discovery (ECF No. 19) and three motions filed by Harless: a motion for mediation (ECF No. 21), a motion for discovery and a protective order (ECF No. 26), and a motion for a jury trial (ECF No. 30.)

[3] As noted, Harless has filed two motions for leave to file an amended complaint which remain pending. Upon review, the allegations in Harless's proposed amended complaints (ECF Nos. 20-1, 27-1) largely mirror those in his current amended complaint. (ECF No. 14.) But for convenience and completeness purposes, the court

the following factual allegations in his current operative pleading and his latest proposed amended complaint, which the court accepts as true when analyzing the motion to dismiss. *See In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017).

Harless alleges that, on or about May 31, 2023, he was arrested in Washington County on unspecified criminal charges. (ECF No. 27-1 at 5.) Harless further alleges that, after his arrest, Andis "posted investigative evidence" pertaining to his arrest on the Washington County Sheriff's Office's Facebook page. (*Id.* at 5–6.) According to Harless, Andis's post "[i]mpair[ed] potential jurors" and caused the "prejudicial publicity of confidential evidence." (*Id.* at 6.) Harless also claims that the Facebook post "may" have "deprive[d] [him] of a fair trial." (*Id.*) Additionally, Harless claims that Andis's actions constituted negligence and defamation. (*Id.*; *see also* ECF No. 14 at 5.)

On November 20, 2025, Harless executed his complaint. (ECF No. 1 at 4). On January 22, 2026, Harless executed a motion for leave to file an amended complaint (ECF No. 11 at 2), which the court granted[4] (ECF No. 13). On February 23, 2026, Andis filed his motion to dismiss. (ECF No. 16.) Although Harless was provided notice of the motion to dismiss and an opportunity to respond, *see Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) (*see* ECF No. 18), he did not file a response in opposition. The motion to dismiss is accordingly ripe for disposition.

On March 6, 2026, Harless executed a second motion for leave to file an amended complaint (ECF No. 20 at 2) and attached a copy of his second proposed amended complaint

---

will refer chiefly to Harless's most recent proposed amended complaint (ECF No. 27-1) for the factual background of this case.

[4] Harless's amended complaint (ECF No. 14) is the operative pleading.

- 2 -

(ECF No. 20-1). On April 22, 2026, Harless executed a third motion for leave to file an amended complaint (ECF No. 27 at 2) and attached a copy of his third proposed amended complaint (ECF No. 27-1). Andis has filed responses in opposition to the motions for leave (ECF Nos. 24, 29), Harless did not file any replies, and the motions for leave are ripe for disposition.[5]

## II.    STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "'naked assertion[s]' devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). At bottom, the court "must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are

---

[5] Harless's two proposed amended complaints are virtually identical to one another. (*See* ECF Nos. 20-1, 27-1.) And because Harless appears to have intended his third motion to amend to supersede his second, the court will deny as moot the second motion to amend. *See Thomas v. Utah Transit Auth. Police Dep't*, No. 2:24-cv-00736, 2025 WL 2912558, at *3 (D. Utah Oct. 14, 2025) (denying as moot *pro se* plaintiff's third motion to amend where the plaintiff "filed a fourth motion to amend which supersedes it.")

not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

### III.    ANALYSIS

For organizational purposes, the court will address Harless's third motion to amend before addressing Andis's motion to dismiss.

### A. Motion to Amend

The Federal Rules of Civil Procedure require courts to "freely give leave [to amend a party's pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has instructed district courts "to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2020). But leave to amend is properly denied if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile if it "is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or "if the claim it presents would not survive a motion to dismiss," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

Andis argues that Harless's third motion to amend should be denied because it is futile. (ECF No. 29 at 2.) In support, Andis argues that Harless's third proposed amended complaint "is little more than a repackaged version" of his current pleading and therefore fails to state a claim upon which relief can be granted. (*Id.* at 2–3.) Second, Andis contends that Harless's third proposed amended complaint "is a jumble of conclusory allegations lacking sufficient factual allegations as to [Andis's] personal involvement in the alleged deprivation of Harless's

constitutional rights." (*Id.*). Because the court agrees with Andis's first argument, it need not address his second.

1.   Federal Constitutional Claim(s)

Harless is proceeding under 42 U.S.C. § 1983, which authorizes a civil action against a person for actions, taken under color of state law, that violate his rights under the Constitution or law of the United States. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). Although Harless cites various constitutional amendments and federal statutes in his third proposed amended complaint, he is not altogether clear on the source of any federal claims against Andis. (*See* ECF No. 27-1.) In briefing in support of his motion to dismiss, however, Andis characterized Harless's federal claim to be for the alleged violation of his right to privacy under the Fourteenth Amendment. (*See* ECF No. 17 at 3–4.) And as noted, Harless failed to respond to the motion to dismiss and therefore has not objected to Andis's characterization of his claims. For these reasons, the court will assess Harless's § 1983 claim against Andis under the rubric of a Fourteenth Amendment right-to-privacy claim.

"The constitutional right to privacy extends to the individual interest in avoiding the disclosure of personal matters." *Payne v. Taslimi*, 998 F.3d 648, 655 (4th Cir. 2021) (cleaned up). But this right only protects "information with respect to which the individual has a reasonable expectation of privacy." *Id.* And "publication of the outcome of [a criminal] investigation, including [the plaintiff's] arrest, . . . does not give rise to a privacy claim under the Due Process Clause of the Fourteenth Amendment." *Bermeo v. Andis*, No. 1:23-cv-00041, 2024 WL 3850443, at *8 (W.D. Va. Aug. 16, 2024), *vacated and remanded on other grounds*, 163 F.4th 87 (4th Cir. 2025); *see also Paul v. Davis*, 424 U.S. 693, 712–13 (1976) (rejecting plaintiff's argument that the dissemination of his booking photograph and arrest information to retail

stores violated his right to privacy under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments). As Harless did not have a reasonable expectation of privacy in information about his arrest, he has failed to state a right to privacy claim against Andis.

2. State Law Claims

In addition to his federal constitutional claim, Harless asserts what appears to be two state law claims. First, Harless claims that Andis's actions amounted to negligence. (*See* ECF No. 27-1; *see also* ECF No. 14 at 5.) Second, Harless claims that Andis's actions constituted defamation. (*See* ECF No. 27-1 at 6; *see also* ECF No. 14 at 5.)

Harless has failed to state a negligence claim against Andis. Under Virginia law, the elements of a negligence claim are (1) "a legal duty on the part of the defendant," (2) "breach of that duty," (3) "a showing that such breach was the proximate cause of injury," (4) all of which "result[s] in damage to the plaintiff." *Al-Saray v. Furr*, 910 S.E.2d 320, 324 (Va. 2015) (quoting *Blue Ridge Serv. Corp. v. Saxon Shoes, Inc.*, 624 S.E.2d 55, 62 (Va. 2006)). But Harless identifies no legal duty Andis owed to him, much less that such duty was breached which proximately caused injury to Harless. (*See* ECF Nos. 15, 27-1.) As Harless has failed to state any of the elements of a negligence claim, such claim will be dismissed.[6]

Harless has likewise failed to state a defamation claim against Andis. In Virginia, the elements of defamation by publication are: "(1) publication of (2) an actionable statement with (3) the requisite intent." *Schaecher v. Bouffault*, 772 S.E.2d 589, 594 (Va. 2015) (quoting *Tharpe v. Saunders*, 737 S.E.2d 890, 892 (Va. 2013)). A plaintiff pleading a defamation claim under

---

[6] In his operative pleading, Harless claims that Andis's actions constituted "gross negligence." (ECF No. 14 at 5.) But because Harless has failed to plead an ordinary negligence claim against Andis, any gross negligence claim would necessarily fail. *See Frazier v. City of Norfolk*, 362 S.E.2d 688, 691 (Va. 1987) (holding that the plaintiff "failed to establish a prima facie case of gross negligence" where his allegations, "at the most, [showed] ordinary negligence and a failure to exercise reasonable care").

Virginia law—whether in state or federal court—must state the exact words alleged to be defamatory. *Goulmamine v. CVS Pharmacy, Inc.,* 138 F. Supp. 3d 652, 670 (E.D. Va. 2015); *see also McGuire v. IBM Corp.*, No. 1:11-cv-000528, 2011 WL 4007682, at *5 (E.D. Va. 2011) ("The pleading standard for a defamation claim under Virginia law requires that the exact words spoken or written must be set out in the declaration *in haec verba*"). But Harless has not done so. (*See* ECF Nos. 15, 27-1.) Accordingly, his defamation claim will be dismissed.

For these reasons, the court concludes that Harless's third proposed amended complaint fails to state a claim upon which relief can be granted. Therefore, amendment would be futile, and Harless's third motion to amend (ECF No. 27) will be denied.

### B. Motions to Dismiss

Having determined that Harless's third motion to amend will be denied as futile, the court now turns to Andis's motion to dismiss. (ECF No. 16.) Upon review, Harless's amended complaint raises substantially identical claims as his third proposed amended complaint (*see* ECF Nos. 14, 27-1) which the court already determined would fail Andis's Rule 12(b)(6) challenge. Accordingly, for the reasons stated above, the court will grant Andis's motion to dismiss and dismiss Harless's claims in their entirety. As the court will dismiss Harless's claims, it will also deny as moot the parties' remaining motions.

### IV. CONCLUSION

For the reasons stated above, the court will deny as moot Harless's second motion for leave, deny Harless's third motion for leave, grant Andis's motion to dismiss, dismiss Harless's claims in their entirety, and deny as moot the parties' remaining motions.

- 7 -

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 10th day of July, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE